

FILED
AUG 12 2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

PARVATHI SIVANADIYAN, )
)
      Petitioner, )
)
v. )   Civil Action No. 1:21-cv-01950 (UNA)
)
INTERNAL REVENUE SERVICE, *et al.*, )
)
)
      Respondents. )

## MEMORANDUM OPINION

    This matter is before the court on petitioner's application to proceed *in forma pauperis*, ECF No. 2, and his *pro se* "verified complaint," ("Compl."), ECF No. 1, seeking an order mandating arbitration under the Federal Arbitration Act ("FAA"), *see* 9 U.S.C. § 2, the appointment of arbitrators, and mandamus relief, *see* 28 U.S.C. § 1361. The court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), mandating dismissal of a complaint which fails to state a claim upon which relief can be granted, and for want of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

    Petitioner, a resident of India, has sued the Internal Revenue Service ("IRS"), the United States Attorney General ("AG"), the United States Department of Justice ("DOJ"), and Annamalai Annamalai ("Annamalai"). Compl. at caption, ¶¶ 1, 6–10. The dispute apparently arises out of a binding arbitration contract, executed between petitioner and Annamalai, on March 2, 2021, *see* Arbitration Agreement ("AA"), ECF No. 1-1, which was the result of litigation and a judgment filed in Vigo County Superior Court in Terre Haute, Indiana, *see* Compl. ¶¶ 1–4. Petitioner alleges that the IRS, AG, and DOJ, all owe him unspecified, *see generally* Fed. R. Civ. P. 8(a), "duties"

as "account debtors" and "privies" to the arbitration agreement and court judgment, *see* Compl. ¶¶ 6–9, 12.

First, the extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. "[M]andamus is 'drastic'; it is available only in 'extraordinary situations.'" *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citations omitted). A petitioner bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *Id.* Only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff," *Thomas v. Holder*, 750 F.3d 899, 903 (D.C. Cir. 2014), is mandamus relief granted. Petitioner addresses none of these elements, and thus fails to meet his burden.

Second, even if the federal respondents' alleged obligations were clearer, there is absolutely no indication, beyond petitioner's own speculation, that the federal respondents are, in fact, either accounts debtors or privies to the attached arbitration agreement. *See generally* AA; "Orders," at ECF No. 1-1, at 6–7. Respondents plainly did not contractually commit to the agreement, nor do any of the other exhibits or allegations establish same.

Third, the FAA, which was created to place arbitration agreements on equal footing with all other contracts, provides judicial review for courts to confirm, vacate, modify, or enforce, an arbitration award. *See* 9 U.S.C. § 9; *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443, (2006). The FAA, however, does not itself bestow federal jurisdiction, but requires an independent jurisdictional basis. *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581–82 (2008). Apart from petitioner's inadequate mandamus pleading, petitioner's complaint makes no other reference to a relevant federal law or basis for jurisdiction . Mere invocation of federal question jurisdiction,

without any facts demonstrating a federal claim, does not create federal question jurisdiction. *See Shapiro v. McManus*, 136 S.Ct. 450, 455 (2015). And petitioner himself admits that the underlying arbitration claims are based on state law. *See* Compl. ¶¶ 1, 3–4.

Nor can petitioner bring this suit on the basis of diversity of jurisdiction. Assuming *arguendo* there was a cognizable claim against them, the federal respondents' presences in the District are irrelevant because federal agencies are not considered "citizens of a state." *Texas v. ICC*, 258 U.S. 158, 160 (1922); *Commercial Union Ins. Co. v. United States*, 999 F.2d 581, 584–85 (D.C. Cir. 1993). And while Annamalai is appears to be incarcerated in Georgia, petitioner raises no substantive allegations against him and seeks no specific relief from him, noting only that Annamalai is merely a "party to the binding arbitration." *See* Compl. ¶¶ 1, 10; *id*. at Sec. IV(v).

For all of the following reasons, the court grants petitioner's application for leave to proceed *in forma pauperis* and dismisses the complaint. Petitioner's pending motion to appoint counsel, ECF No. 3, and motion to serve summonses and complaint, ECF No. 4, are denied as moot. An order accompanies this memorandum opinion.

Date: August 12, 2021      /s/_____
                              EMMET G. SULLIVAN
                              United States District Judge